

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 18, 1958

Dr. J. W. Edgar
Commissioner of Education
Walton Building
Austin, Texas

Dear Dr. Edgar:

Opinion WW-452

Re: Questions relating to
computing economic in-
dex in making local
fund assignments pur-
suant to the Foundation
School Program.

We quote from your request for an opinion as
follows:

"The State Board of Education has directed
that the Attorney General be requested to give
an opinion on the following questions concerning
the interpretation of and its authority under
the Foundation School Program Act appertaining
to the economic index:

1. What is meant by the phrase 'weighted
by' as used in Section 3, first paragraph,
Article 2922-16?

2. Are the calculations used by the Agency
and the procedure that has been followed as adopted
by the Board in computing the Economic Index proper?

3. Does the Board have the discretion to vary
from the Economic Index procedures set forth in the
statutes?"

Section 2 of Article 2922-16, as amended, provides
in substance that for each school year including and subse-
quent to, the 1955-56 school year, the sum of the amounts to
be charged against the local school districts toward the
Foundation School Program shall be twenty (20%) percent of the
estimated total cost of the Foundation School Program for the
immediately preceding school year. The Commissioner of Educa-
tion, subject to the approval of the State Board of Education,
is charged with the duty of assigning to each school district
its proportionate part of the total funds to be raised locally,
according to each district's tax paying ability.

Section 3 of Article 2922-16, as amended, prescribes the procedure to be followed by the Commissioner in ascertaining the "tax paying ability of each school district". The first step in such procedure is the compilation of an economic index which, in the language of the statute, "shall constitute for the purpose of this Act a measure of one county's ability to support schools in relation to the ability of other counties in the State". Section 3 further provides:

". . . The economic index for each county shall be based upon and determined by the following weighted factors:

a. Assessed valuation of the county, weighted by twenty (20);

b. Scholastic population of the county, weighted by eight (8);

c. Income for the county as measured by: Value added by manufacture, value of minerals produced, value of agricultural products, payrolls for retail establishments, payrolls for wholesale establishments, payrolls for service establishments, weighted collectively by seventy-two (72).

". . .

"The Commissioner of Education, subject to approval of the State Board of Education, shall recompute annually a new economic index not later than the first week in March of each year, using an average of data for a three-year period which shall be taken from the most recently available official publications and reports of agencies of the State of Texas or the Federal Government. The first economic index so determined for each county under the provisions of this amendatory Act shall be effective beginning with the 1953-54 school year, and thereafter the economic index recomputed annually shall be effective beginning with the new school year in the calendar year of its recomputation.:

". . ."

Your first question concerns the meaning of the term

Dr. J. W. Edgar, Page 3 (WW-452)


"weighted by" as used in the foregoing provisions of the statute. This is not a legal term, and it must be assumed that the Legislature intended to ascribe to it its ordinary signification and meaning. The first paragraph of Section 3 reads as it was originally enacted by Senate Bill 116, Acts 51st Legislature, Regular Session, 1949, at page 640. Since its effective date the Commissioner, with the Board's approval, has computed the economic index by multiplying each factor by the stated weight. Hence, the assessed valuation of the county was multiplied by twenty (20), the scholastic population by eight (8), and the income for each county by seventy-two (72). The average of data for the immediately preceding three (3) year period was used in compiling each of the factors.

You advise that the Legislature fixed the economic index in Senate Bill 116, supra, for the first two years of the Foundation School Program and followed the same method of computation. We believe this method is correct and should be followed by the Commissioner and the Board. It has been suggested that the weights should be applied to the percentage relationships of the various factors rather than directly to the assessed valuation, scholastic population and income for the county. However, the statute speaks of assessed valuation, scholastic population and income for the county, being weighted. This language does not imply that the various factors should be reduced to percentage relationships prior to application of the weights. We believe the Commissioner and the Board have followed the correct procedure. We further believe that this method is exclusive and any alternative method would be prohibited. We do not say, however, that the various sources from which the Commissioner has obtained the statistical data necessary to computing the index are exclusive. Section 3 of Article 2922-16 merely requires that such data be taken "from the most recently available official publications and reports of agencies of the State of Texas or the Federal Government".

Your second question is therefore answered in the affirmative, and your third question in the negative.

SUMMARY

The term "weighted by" as used in
Section 3, first paragraph, of
Article 2922-16, means that the
stated factors should be multiplied

by the given weights. The weights should be applied directly to the factors and not to their percentage relationships. The calculations and procedure used by the Education Agency in computing the Economic Index are proper. The State Board of Education has no discretion to vary from the Economic Index procedures set forth in the statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

Leonard Passmore
Assistant

LP:pf:mg

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Morgan Nesbitt
J. Milton Richardson
J. Arthur Sandlin
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL

BY:
W. V. Geppert